In re YEE LUNG.

(District Court, N. D. California. May 10, 1894.)

No. 10,935.

CHINESE MERCHANTS—EVIDENCE.

When a Chinaman seeks readmission into the United States on the ground that he has already been engaged as a merchant therein, he must furnish such evidence of that fact as is required by Act Cong. Nov. 3, 1893, notwithstanding that he may have departed from the country before that act was passed.

On Habeas Corpus. Report of special referee and examiner, recommending the discharge of Yee Lung. Report set aside, and not confirmed, and Yee Lung remanded.

Thos. D. Riordan, for Yee Lung.
Charles A. Garter, for the United States.

MORROW, District Judge. The petitioner, Yee Ick, alleges that his brother, Yee Lung, is restrained of his liberty by the master of the steamship Belgic on the ground, as claimed by the said master, that said passenger is a subject of the emperor of China, and not entitled to land, and come into the United States, under the provisions of the act of congress of May 6, 1882, entitled "An act to execute certain treaty stipulations relating to Chinese," and the acts amendatory thereof and supplemental thereto. The petition alleges that said Yee Lung is not a laborer, and does not come within the restrictions of said act, but, on the contrary, that he is a merchant; that he departed from the United States temporarily in 1892, and for more than one year prior to his departure was a merchant, and a member of the firm of Lai Sang Lung & Co., engaged in business on Third street, in Sacramento City in this state. William M. Lowell testifies: That he is a resident of Sacramento. Was engaged on the police force for the last seven or eight years, up to the last two or three weeks. Knows Yee Lung. Has known him for about four or five years. He was in the general merchandise business in Sacramento City. The name of the firm was Chan Lung, or something like that. It was on Third street, I and J, No. 910. Knew him as a member of that firm for about two years before he went to China. Always understood, from the Chinamen, that Yee Lung was a member of the firm. Saw him working and handling goods there. Saw him behind the counter, acting as a partner would act. Cannot tell what amount of stock they carried. Shelves looked pretty well filled. Knew another of the partners, but have forgotten his name. Happened to know this man by seeing him around the store. Had no business transactions with

him. J. L. Sullivan: At present employed in the United States mint. Formerly a resident of Sacramento City. Was connected with the police department. Knew Yee Lung. First knew him in a store on Third street. Does not remember the name of the store. Had seen Yee Lung, four or five years, attending to the business of the firm. Had heard it said that he was a partner, but did not know it of his own personal knowledge. The firm carried on a general merchandise business. Yee Lung testified in his own behalf that he does not speak English. He was questioned about a certificate of identification which he appears to have taken with him to China, and concerning his acquaintance with the witnesses Lowell and Sullivan. The foregoing testimony was taken by the commissioner on Saturday, April 28, 1894. The examination was resumed on Tuesday, May 1, 1894, when the testimony of a witness named Yee Young was taken. There is some indication in the record that this is the Chinaman who is seeking to land and come into the United States, and the same person who appeared as Yee Lung on the previous Saturday. He testified that he went to China, on the steamer Gaelic, September 6, 1892. Prior to that time, he was in the general merchandise firm of Ly Sung Lung, 910 Third street, Sacramento City. The capital of the firm was $3,000. His interest was $1,000. There were three partners. The other two partners were Yee Fong Wah and Yee Way Yung. He was the treasurer of the firm. The firm was established in 1889. Had a sign, first on a piece of paper, afterwards on a board. Yee Way Yung testified that he knows Yee Lung, who is his partner in the business of provisions and general merchandise. Firm name is Ly Sung Lung. Not conducting the business now; only keeping track of customers, to collect outstanding accounts. The place 910 Third street, Sacramento City, is now vacant. Have outstanding accounts amounting to something over $5,000. The name of the firm is a good omen, and means "good luck." Three other Chinese witnesses testify to substantially the same effect as the last witness, except as to the import of Chinese firm names. Harry Huff, the official Chinese interpreter of this court, testified that Chinese merchants in the United States do not, as a usual thing, have firm names containing the names of the partners. The names are lucky omens. It will be observed that the name "Lung," in the firm name of "Ly Sung Lung," does not purport to represent any part of the name of the Chinaman, Yee Lung, who is seeking to land, and come into the United States, but is simply a part of the combination of words representing a supposed name or title importing "good luck." Moreover, the name of the firm in the petition is "Lai Sang Lung & Co.," while the testimony is that the name of the firm is "Ly Sung Lung." This discrepancy is not explained.

I do not, therefore, find it established by the testimony of two credible witnesses, other than Chinese, as required by section 2 of the act of November 3, 1893, that Yee Lung was engaged, in this country, in buying and selling merchandise at a fixed place of business for one year previous to his departure from the United States. Nor do I find, by the same character of testimony, that Yee Lung,

during the period named, conducted the business of a merchant in his own name. Nor is it established, in like manner, that the Chinaman named did not engage in the performance of any manual labor, except such as was necessary in the conduct of his business as such merchant. The fact that Yee Lung departed from the United States in September, 1892, and prior to the passage of the act of November 3, 1893, does not, in my opinion, make any difference in the character of the testimony required to show the right of a Chinese merchant to enter the United States. The last-named act applies as well to those who departed from the United States prior to its passage as it does to those who departed after that date. Let Yee Lung be remanded to the custody from whence he was taken.

